IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| BANKUNITED, N.A., | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action File |
| | ) | |
| TNP ENTERPRISES, LLC, | ) | No.   3:16-cv-31-TCB |
| WINNER ENTERPRISES, LLC, | ) | |
| NORMA POWELL, in her capacity as the | ) | |
| Administrator of the Estate of Terrence A. | ) | |
| Powell, ATLANTA LENOX TAXI CO., | ) | |
| INC., and OBTAIN ENTERPRISES, LLC, | ) | |
| | ) | |
|     Defendants | ) | |

## <u>VERIFIED COMPLAINT</u>

COMES NOW Plaintiff BankUnited, N.A. ("Plaintiff") and, for its *Verified Complaint* (the "Complaint") against Defendants TNP Enterprises, LLC ("TNP"), Winner Enterprises, LLC ("Winner"), Norma Powell ("N. Powell"), in her capacity as the Administrator of the Estate of Terrence A. Powell ("T. Powell"), Atlanta Lenox Taxi Co., Inc. ("Lenox Taxi"), and Obtain Enterprises, LLC ("Obtain" and, collectively with TNP, Winner, N. Powell, and Lenox Taxi, "Defendants"), states and shows the Court as follows:

<u>Parties, Jurisdiction, and Venue</u>

1.

Plaintiff, which has its principal office at 7815 NW 148th Street, Miami

Lakes, Miami-Dade County, Florida 33016, is a wholly-owned subsidiary of BankUnited, Inc., a Delaware corporation with its registered office located at Corporation Trust Center, 1209 Orange Street, Wilmington, New Castle County, Delaware 19801. By virtue of bringing this action, Plaintiff submits itself to the jurisdiction of this Court.

### 2.

TNP is a Georgia limited liability company with its principal office located at 325 Butterfield Lane, Fayetteville, Fayette County, Georgia 30214. TNP may be served with process in this action by delivering this Complaint and summons to its registered agent, Norma Powell, at 325 Butterfield Lane, Fayetteville, Fayette County, Georgia 30214, or as otherwise provided by law. At all relevant times, the sole member of TNP was T. Powell, a resident of the State of Georgia.

### 3.

Winner is a Georgia limited liability company with its principal office located at 325 Butterfield Lane, Fayetteville, Fayette County, Georgia 30214. Winner may be served with process in this action by delivering this Complaint and summons to its registered agent, Javaune Powell, at 325 Butterfield Lane, Fayetteville, Fayette County, Georgia 30214, or as otherwise provided by law. At all relevant times, the sole member of Winner was T. Powell, a resident of the State of Georgia.

4.

N. Powell is the Administrator of the Estate of T. Powell, which is currently being probated in the Probate Court of Fayette County, Georgia. N. Powell is a resident of Fayette County, Georgia, and may be served with process in this action by delivering this Complaint and summons to her personally at 325 Butterfield Lane, Fayetteville, Fayette County, Georgia 30214, or as otherwise provided by law.

5.

As required by O.C.G.A. § 53-7-42(b), more than six months have passed since N. Powell first qualified to serve as Administrator of the Estate of T. Powell.

6.

Lenox Taxi is a Georgia corporation with its principal office located at 1874 Piedmont Road, Suite 370-C, Atlanta, Fulton County, Georgia 30324. Lenox Taxi may be served with process in this action by delivering this Complaint and summons to N. Powell, as the Administrator of the Estate of its registered agent, T. Powell, at 325 Butterfield Lane, Fayetteville, Fayette County, Georgia 30214, or as otherwise provided by law.

7.

Obtain is a Georgia limited liability company with its principal office located at 249 Milton Avenue S.E., Atlanta, Fulton County, Georgia 30315. Obtain

may be served with process in this action by delivering this Complaint and summons to its registered agent, Mike Abebe, at 249 Milton Avenue S.E., Atlanta, Fulton County, Georgia 30315, or as otherwise provided by law. At all relevant times, the sole member of Obtain was T. Powell, a resident of the State of Georgia.

8.

This Court has subject-matter jurisdiction over this civil action, pursuant to 28 U.S.C. § 1332(a), as Plaintiff (and its parent corporation) and Defendants (and, where applicable, all of their known members) are citizens of different states, and as the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

9.

Venue is appropriate in this district, pursuant to 28 U.S.C. § 1391(b)(1), as Defendants (and, where applicable, all of their known members) are all residents of the State of Georgia and reside in the Northern District of Georgia.

10.

Venue is further appropriate in the Newnan Division of this Court, pursuant to Northern District of Georgia Civil Local Rule 3.1(B)(1)(a), as at least one Defendant resides therein.

<u>Allegations of Fact</u>

A.      *The Winner Note, Collateral, and Guaranties*

11.

On or about October 23, 2012, T. Powell, on behalf of and as the manager of Winner, signed a Loan Agreement (the "Winner Loan Agreement"), which Plaintiff accepted, by which Plaintiff "agree[d] to make a term loan to [Winner] . . . in a principal amount of Two Million Five Hundred Ninety-Six Thousand and No/100 Dollars ($2,596,000.00)." A true and correct copy of the Winner Loan Agreement is attached hereto as <u>Exhibit "A"</u>.

12.

Also on or about October 23, 2012, T. Powell, on behalf of and as the manager of Winner, signed a Promissory Note (the "Winner Note") by which Winner "promise[d] to pay to the order of [Plaintiff] . . . the principal sum of [Two] Million [Five Hundred Ninety-Six] Thousand and No/100 Dollars ($2,596,000.00), or, if less, the principal amount actually advanced in respect of the 'Loan' . . . , as such term [wa]s defined in the Loan Agreement . . . , plus interest on the unpaid principal balance at the rate specified [in the Winner Note]," with such interest computed "based upon a 360-day year of twelve 30-day months and, in the case of any partial month, on the actual number of days elapsed in such month." A true and correct copy of the Winner Note is attached hereto as <u>Exhibit</u>

"B".

13.

The TNP Note further provides that, "[i]n the event it should become necessary for [Plaintiff] . . . to employ counsel to collect th[e] obligation or to protect or foreclose the security given in connection [t]herewith, [Winner] agree[d] to pay reasonable attorney's fees actually incurred for services of such counsel, whether or not suit [wa]s brought, plus costs incurred in connection therewith."

14.

Plaintiff advanced funds to Winner pursuant to the Winner Note.

15.

Winner received and enjoyed the use of the funds that Plaintiff advanced to Winner pursuant to the Winner Note.

16.

Also on or about October 23, 2012, T. Powell, on behalf of and as the manager of Winner, signed a Security Agreement (the "Winner Security Agreement") by which Winner granted Plaintiff a security interest in certain collateral for Winner's performance under the Winner Note, and repayment of the funds advanced to Winner by Plaintiff pursuant to the Winner Note (the "Winner Collateral"), which included, without limitation, certain Certificates of Public Necessity and Convenience issued by the City of Atlanta (the "Winner CPNCs"),

all equipment related to the operations associated with the Winner CPNCs, including, without limitation, roof lights, rate cards, taxicab meters, taxicab vehicles, and a specified lease. A true and correct copy of the Winner Security Agreement is attached hereto as Exhibit "C".

17.

Also on or about October 23, 2012, T. Powell, on behalf of and as the manager of Winner, signed an "Assignment of Interest in Leases (the "Winner Assignment of Leases") by which Winner "assign[ed], grant[ed], transfer[red], and convey[ed] to [Plaintiff] a security interest in the Collateral," defined as the Winner CPNCs and certain leases between Winner and Like Enterprises, LLC, "for the purpose of securing to [Plaintiff] the payment of the [Winner] Note and any and all other debts and liabilities of [Winner] to [Plaintiff] arising under the [Winner] Note, the [Winner] Security Agreement, th[e] [Winner] Assignment [of Leases], or [the Winner] Loan Agreement . . . and any and all extensions, modifications or renewals of any of said documents, and any debt or liability arising thereunder or under any documents evidencing, securing or related to the indebtedness evidenced by the [Winner] Note . . . ." A true and correct copy of the Winner Assignment of Leases is attached hereto as Exhibit "D".

18.

Paragraph 3.3(e) of the Winner Assignment of Leases provides that, "[i]n

any action [t]hereunder," upon default by Winner, "[Plaintiff] shall be entitled to the appointment of a receiver without notice, to take possession of all or any portion of the Collateral," as defined and used in the Winner Assignment of Leases, "and to exercise such powers as the court shall confer upon the receiver."

19.

Winner's performance under the Winner Note, and repayment of the funds advanced to Winner by Plaintiff pursuant to the Winner Note, were and are guaranteed by T. Powell and Obtain.

20.

Specifically, on or about October 23, 2012, T. Powell signed a Continuing Guaranty Agreement (the "T. Powell Winner Guaranty") by which T. Powell "unconditionally and absolutely guarantee[d] to [Plaintiff] the due and punctual payment, performance and discharge (whether upon stated maturity, demand, acceleration or otherwise in accordance with the terms thereof) of (i) all of the Liabilities (as defined in the [Winner] Loan Agreement), (ii) all terms, conditions, agreements, representations and warranties at any time made by [Winner] to [Plaintiff], including those set forth in the [Winner] Loan Agreement, and (iii) all other debts, obligations and liabilities of [Winner] to [Plaintiff], whether direct or indirect, absolute or contingent, secured or unsecured, due or to become due, joint or several, primary or secondary, liquidated or unliquidated, [then] existing or

[t]hereafter incurred, created or arising, howsoever evidenced, whether created directly to or acquired by assignment or otherwise by [Plaintiff], and whether [Winner] may be liable individually or jointly with others, and regardless of whether recovery upon any of such other debts, obligations or liabilities becomes barred by any statute of limitations, is void or voidable under any law relating to fraudulent obligations or otherwise or is or becomes invalid or unenforceable for any other reason (the Liabilities and all such other debts, liabilities and obligations being jointly referred to as the 'Guaranteed Obligations')." A true and correct, partly redacted copy of the T. Powell Winner Guaranty is attached hereto as Exhibit "E".

21.

The T. Powell Winner Guaranty further provides that, "[i]f any of the Guaranteed Obligations are collected by or through an attorney at law, [T. Powell] agree[d] to pay to [Plaintiff] reasonable attorneys' fees and court costs."

22.

Further, also on or about October 23, 2012, T. Powell, on behalf of and as the manager of Obtain, signed a Continuing Guaranty Agreement (the "Obtain Winner Guaranty" and, collectively with the T. Powell Winner Guaranty, the "Winner Guaranties") by which Obtain "unconditionally and absolutely guarantee[d] to [Plaintiff] the due and punctual payment, performance and

discharge (whether upon stated maturity, demand, acceleration or otherwise in accordance with the terms thereof) of (i) all of the Liabilities (as defined in the [Winner] Loan Agreement), (ii) all terms, conditions, agreements, representations and warranties at any time made by [Winner] to [Plaintiff], including those set forth in the [Winner] Loan Agreement, and (iii) all other debts, obligations and liabilities of [Winner] to [Plaintiff], whether direct or indirect, absolute or contingent, secured or unsecured, due or to become due, joint or several, primary or secondary, liquidated or unliquidated, [then] existing or [t]hereafter incurred, created or arising, howsoever evidenced, whether created directly to or acquired by assignment or otherwise by [Plaintiff], and whether [Winner] may be liable individually or jointly with others, and regardless of whether recovery upon any of such other debts, obligations or liabilities becomes barred by any statute of limitations, is void or voidable under any law relating to fraudulent obligations or otherwise or is or becomes invalid or unenforceable for any other reason (the Liabilities and all such other debts, liabilities and obligations being jointly referred to as the 'Guaranteed Obligations')." A true and correct, partly redacted copy of the Obtain Winner Guaranty is attached hereto as Exhibit "F".

23.

The Obtain Winner Guaranty further provides that, "[i]f any of the Guaranteed Obligations are collected by or through an attorney at law, [Obtain]

agree[d] to pay to [Plaintiff] reasonable attorneys' fees and court costs."

**B.    *The TNP Note, Collateral, and Guaranties***

24.

On or about March 4, 2013, T. Powell, on behalf of and as the manager of TNP, signed a Loan Agreement (the "TNP Loan Agreement"), which Plaintiff accepted, by which Plaintiff "agree[d] to make a term loan to [TNP] . . . in a principal amount of Two Million One Hundred Twelve Thousand and No/100 Dollars ($2,112,000.00)." A true and correct copy of the TNP Loan Agreement is attached hereto as Exhibit "G".

25.

Also on or about March 4, 2013, T. Powell, on behalf of and as the manager of TNP, signed a Promissory Note (the "TNP Note" and, collectively with the Winner Note, the "Notes") by which TNP "promise[d] to pay to the order of [Plaintiff] . . . the principal sum of Two Million One Hundred Twelve Thousand and No/100 Dollars ($2,112,000.00), or, if less, the principal amount actually advanced in respect of the 'Loan' . . . , as such term [wa]s defined in the Loan Agreement . . . , plus interest on the unpaid principal balance at the rate specified [in the TNP Note]," with such interest computed "based upon a 360-day year of twelve 30-day months and, in the case of any partial month, on the actual number of days elapsed in such month." A true and correct copy of the TNP Note is

attached hereto as Exhibit "H".

26.

The TNP Note further provides that, "[i]n the event it should become necessary for [Plaintiff] . . . to employ counsel to collect th[e] obligation or to protect or foreclose the security given in connection [t]herewith, [TNP] agree[d] to pay reasonable attorney's fees actually incurred for services of such counsel, whether or not suit [wa]s brought, plus costs incurred in connection therewith."

27.

Plaintiff advanced funds to TNP pursuant to the TNP Note.

28.

TNP received and enjoyed the use of the funds that Plaintiff advanced to TNP pursuant to the TNP Note.

29.

Also on or about March 4, 2013, T. Powell, on behalf of and as the manager of TNP, signed a Security Agreement (the "TNP Security Agreement") by which TNP granted Plaintiff a security interest in certain collateral for TNP's performance under the TNP Note, and repayment of the funds advanced to TNP by Plaintiff pursuant to the TNP Note (the "TNP Collateral"), which included, without limitation, certain Certificates of Public Necessity and Convenience issued by the City of Atlanta (the "TNP CPNCs"), all equipment related to the operations

associated with the TNP CPNCs, including, without limitation, roof lights, rate cards, taxicab meters, taxicab vehicles, and certain leases. A true and correct copy of the TNP Security Agreement is attached hereto as <u>Exhibit "I"</u>.

30.

Also on or about March 4, 2013, T. Powell, on behalf of and as the manager of TNP, signed an "Assignment of Interest in Leases" (the "TNP Assignment of Leases" and, collectively with the Winner Assignment of Leases, the "Assignments of Leases") by which TNP "assign[ed], grant[ed], transfer[red], and convey[ed] to [Plaintiff] a security interest in the Collateral," defined as the TNP CPNCs and certain leases between TNP and TPJC, LLC and Lenox Taxi, "for the purpose of securing to [Plaintiff] the payment of the [TNP] Note and any and all other debts and liabilities of [TNP] to [Plaintiff] arising under the [TNP] Note, the [TNP] Security Agreement, th[e] [TNP] Assignment [of Leases], or [the TNP] Loan Agreement . . . and any and all extensions, modifications or renewals of any of said documents, and any debt or liability arising thereunder or under any documents evidencing, securing or related to the indebtedness evidenced by the [TNP] Note   . . . ." A true and correct copy of the TNP Assignment of Leases is attached hereto as <u>Exhibit "J"</u>.

31.

Paragraph 3.3(e) of the TNP Assignment of Leases provides that, "[i]n any

action [t]hereunder," upon default by TNP, "[Plaintiff] shall be entitled to the appointment of a receiver without notice, to take possession of all or any portion of the Collateral," as defined and used in the TNP Assignment of Leases, "and to exercise such powers as the court shall confer upon the receiver."

32.

TNP's performance under the TNP Note, and repayment of the funds advanced to TNP by Plaintiff pursuant to the TNP Note, were and are guaranteed by T. Powell and Lenox Taxi.

33.

Specifically, on or about March 4, 2013, T. Powell signed a Continuing Guaranty Agreement (the "T. Powell TNP Guaranty") by which T. Powell "unconditionally and absolutely guarantee[d] to [Plaintiff] the due and punctual payment, performance and discharge (whether upon stated maturity, demand, acceleration or otherwise in accordance with the terms thereof) of (i) all of the Liabilities (as defined in the [TNP] Loan Agreement), (ii) all terms, conditions, agreements, representations and warranties at any time made by [TNP] to [Plaintiff], including those set forth in the [TNP] Loan Agreement, and (iii) all other debts, obligations and liabilities of [TNP] to [Plaintiff], whether direct or indirect, absolute or contingent, secured or unsecured, due or to become due, joint or several, primary or secondary, liquidated or unliquidated, [then] existing or

[t]hereafter incurred, created or arising, howsoever evidenced, whether created directly to or acquired by assignment or otherwise by [Plaintiff], and whether [TNP] may be liable individually or jointly with others, and regardless of whether recovery upon any of such other debts, obligations or liabilities becomes barred by any statute of limitations, is void or voidable under any law relating to fraudulent obligations or otherwise or is or becomes invalid or unenforceable for any other reason (the Liabilities and all such other debts, liabilities and obligations being jointly referred to as the 'Guaranteed Obligations')." A true and correct, partly redacted copy of the T. Powell TNP Guaranty is attached hereto as Exhibit "K".

34.

The T. Powell TNP Guaranty further provides that, "[i]f any of the Guaranteed Obligations are collected by or through an attorney at law, [T. Powell] agree[d] to pay to [Plaintiff] reasonable attorneys' fees and court costs."

35.

Further, also on or about March 4, 2013, T. Powell, on behalf of and as the manager of Lenox Taxi, signed a Continuing Guaranty Agreement (the "Lenox Taxi TNP Guaranty" and, collectively with the T. Powell TNP Guaranty, the "TNP Guaranties" and, collectively with the Winner Guaranties, the "Guaranties") by which Lenox Taxi "unconditionally and absolutely guarantee[d] to [Plaintiff] the due and punctual payment, performance and discharge (whether upon stated

maturity, demand, acceleration or otherwise in accordance with the terms thereof) of (i) all of the Liabilities (as defined in the [TNP] Loan Agreement), (ii) all terms, conditions, agreements, representations and warranties at any time made by [TNP] to [Plaintiff], including those set forth in the [TNP] Loan Agreement, and (iii) all other debts, obligations and liabilities of [TNP] to [Plaintiff], whether direct or indirect, absolute or contingent, secured or unsecured, due or to become due, joint or several, primary or secondary, liquidated or unliquidated, [then] existing or [t]hereafter incurred, created or arising, howsoever evidenced, whether created directly to or acquired by assignment or otherwise by [Plaintiff], and whether [TNP] may be liable individually or jointly with others, and regardless of whether recovery upon any of such other debts, obligations or liabilities becomes barred by any statute of limitations, is void or voidable under any law relating to fraudulent obligations or otherwise or is or becomes invalid or unenforceable for any other reason (the Liabilities and all such other debts, liabilities and obligations being jointly referred to as the 'Guaranteed Obligations')." A true and correct copy of the Lenox Taxi TNP Guaranty is attached hereto as <u>Exhibit "L"</u>.

36.

The Lenox Taxi TNP Guaranty further provides that, "[i]f any of the Guaranteed Obligations are collected by or through an attorney at law, [Lenox Taxi] agree[d] to pay to [Plaintiff] reasonable attorneys' fees and court costs."

### C.    The Note and Guaranty Defaults

37.

Winner has defaulted on its obligations to Plaintiff pursuant to the Winner Note by, without limitation, failing to make payments as and when due under the terms of the Winner Note.

38.

T. Powell and Obtain have defaulted under the T. Powell Winner Guaranty and the Obtain Winner Guaranty, respectively, by, without limitation, failing to make payments that Winner was obligated to make, pursuant to the Winner Note, but that Winner did not make and has not made to date.

39.

TNP has defaulted on its obligations to Plaintiff pursuant to the TNP Note by, without limitation, failing to make payments as and when due under the terms of the TNP Note.

40.

T. Powell and Lenox Taxi have defaulted under the T. Powell TNP Guaranty and the Lenox Taxi TNP Guaranty, respectively, by, without limitation, failing to make payments that TNP was obligated to make, pursuant to the TNP Note, but that TNP did not make and has not made to date.

41.

Any and all conditions precedent to Plaintiff's right to sue upon and recover pursuant to the Notes and the Guaranties have been satisfied, waived, or excused.

D.     *The Demand Letters*

42.

By way of correspondence dated July 2, 2015 and February 2, 2016 (collectively, the "TNP Demand Letters"), counsel for Plaintiff advised TNP, Lenox Taxi, and the Estate of T. Powell, by and through N. Powell, that, "[d]ue to [their] failure to pay the indebtedness as required under the terms of the [TNP] Note, as well as other possible events of default, the entire amount of the outstanding balance of principal and interest of said Note, together with all other payments and charges due thereunder, [we]re [t]hereby accelerated and declared **immediately due and payable."** True and correct, partly redacted copies of the TNP Demand Letters are attached hereto as composite Exhibit "M".

43.

Also in the TNP Demand Letters, Plaintiff notified TNP, Lenox Taxi, and the Estate of T. Powell, by and through N. Powell, that "the [TNP] Note provides that in the event the debt is collected by or through an attorney at law, all costs of collection, including reasonable attorney's fees actually incurred, shall be paid by [TNP] and/or [Lenox Taxi and T. Powell]. Please be advised that the provisions

requiring the payment of attorney's fees and costs of collection shall be enforced."

44.

By way of correspondence dated February 2, 2016 (the "Winner Demand Letter"), counsel for Plaintiff advised Winner, Obtain, and the Estate of T. Powell, by and through N. Powell, that, "[d]ue to [their] failure to pay the indebtedness as required under the terms of the [Winner] Note, as well as other possible events of default, the entire amount of the outstanding balance of principal and interest of said Note, together with all other payments and charges due thereunder, [we]re [t]hereby accelerated and declared **immediately due and payable."** A true and correct, partly redacted copy of the Winner Demand Letter is attached hereto as <u>Exhibit "N"</u>.

45.

Also in the Winner Demand Letter, Plaintiff notified Winner, Obtain, and the Estate of T. Powell, by and through N. Powell, that "the [Winner] Note provides that in the event the debt is collected by or through an attorney at law, all costs of collection, including reasonable attorney's fees actually incurred, shall be paid by [Winner] and/or [Obtain and T. Powell]. Please be advised that the provisions requiring the payment of attorney's fees and costs of collection shall be enforced."

46.

As of the filing of this Complaint, neither TNP, Lenox Taxi, T. Powell, nor N. Powell, as the Administrator of the Estate of T. Powell, have paid any of the amounts demanded in the TNP Demand Letters.

47.

Further, as of the filing of this Complaint, neither Winner, Obtain, T. Powell, nor N. Powell, as the Administrator of the Estate of T. Powell, have paid any of the amounts demanded in the Winner Demand Letter.

Count One
Suit on Winner Note and Related Guaranties

48.

Plaintiff realleges and incorporates by reference the allegations set forth in Paragraphs 1 through 47 of this Complaint, as if fully set forth herein.

49.

Winner breached its obligations to Plaintiff under the Winner Note by failing to make payments as and when due, and despite acceleration and demand by Plaintiff.

50.

As a result of these breaches of the Winner Note, Winner is liable to Plaintiff for all indebtedness due and owing under the Winner Note, which remains unpaid.

51.

Plaintiff was damaged as a result of Winner's breaches of the Winner Note.

52.

As of January 26, 2016, principal and accrued but unpaid interest due and owing under the Winner Note are as follows:

**Principal:** $2,225,577.80

**Interest:** $51,937.29

**Total:** **$2,277,515.09**

53.

Plaintiff is entitled to recover from Winner all amounts due, owing, and accruing under the Winner Note and applicable law, including, without limitation, the amounts set forth above, plus additional default interest of $741.8593 per diem accruing from January 26, 2016, plus such further taxes, fees, expenses, charges, and costs as provided by the Winner Note and as have accrued, continue to accrue, and may in the future accrue.

54.

T. Powell and Obtain have breached the T. Powell Winner Guaranty and the Obtain Winner Guaranty, respectively, by failing to make payments that Winner failed to make pursuant to the Winner Note.

55.

As a result of these breaches of the T. Powell Winner Guaranty and the Obtain Winner Guaranty, N. Powell, as the Administrator of the Estate of T. Powell, and Obtain, jointly and severally, are liable to Plaintiff for all indebtedness due and owing under the Winner Note, which remains unpaid.

56.

Plaintiff was damaged as a result of the breaches by T. Powell and Obtain of the T. Powell Winner Guaranty and the Obtain Winner Guaranty, respectively.

57.

Plaintiff is entitled to recover from N. Powell, as the Administrator of the Estate of T. Powell, and Obtain, jointly and severally, all amounts due, owing, and accruing under the Winner Note and applicable law, including, without limitation, the amounts set forth above, plus additional default interest of $741.8593 per diem accruing from the date of filing of this Complaint, plus such further taxes, fees, expenses, charges, and costs as provided by the Winner Note and as have accrued, continue to accrue, and may in the future accrue.

58.

The Winner Note obligates Winner, "[i]n the event it should become necessary for [Plaintiff] . . . to employ counsel to collect th[e] obligation or to protect or foreclose the security given in connection [t]herewith, . . . to pay

reasonable attorney's fees actually incurred for services of such counsel, whether or not suit [wa]s brought, plus costs incurred in connection therewith."

59.

Plaintiff makes demand upon Winner for payment of all principal and interest outstanding, due, and owing under the Winner Note, as set forth above, and gives notice, as required by O.C.G.A. § 13-1-11(a)(3) (in addition to the notice previously given by Plaintiff in the Winner Demand Letter), that Winner has ten days from the receipt or service of this Complaint to pay such principal and interest without the attorneys' fees and costs of collection that may be recovered by Plaintiff under the terms of the Winner Note. If Winner does not make such payment of principal and interest within ten days of such receipt or service, the provisions in the Winner Note relative to payment of attorneys' fees, in addition to the principal and interest, shall be enforced.

60.

The T. Powell Winner Guaranty and the Obtain Winner Guaranty obligate N. Powell, as the Administrator of the Estate of T. Powell, and Obtain, respectively, "[i]f any of the Guaranteed Obligations are collected by or through an attorney at law, . . . to pay to [Plaintiff] reasonable attorneys' fees and court costs."

61.

Plaintiff makes demand upon N. Powell, as the Administrator of the Estate

of T. Powell, and Obtain for payment of all principal and interest outstanding, due, and owing under the Winner Note, as set forth above, and gives notice, as required by O.C.G.A. § 13-1-11(a)(3) (in addition to the notice previously given by Plaintiff in the Winner Demand Letter), that N. Powell, as the Administrator of the Estate of T. Powell, and Obtain have ten days from the receipt or service of this Complaint to pay such principal and interest without the attorneys' fees and costs of collection that may be recovered by Plaintiff under the terms of the T. Powell Winner Guaranty and the Obtain Winner Guaranty, respectively. If N. Powell, as the Administrator of the Estate of T. Powell, and Obtain do not make such payment of principal and interest within ten days of such receipt or service, the provisions in the T. Powell Winner Guaranty and the Obtain Winner Guaranty, respectively, relative to payment of attorneys' fees, in addition to the principal and interest, shall be enforced.

## Count Two
## Suit on TNP Note and Related Guaranties

### 62.

Plaintiff realleges and incorporates by reference the allegations set forth in Paragraphs 1 through 47 of this Complaint, as if fully set forth herein.

### 63.

TNP breached its obligations to Plaintiff under the TNP Note by failing to make payments as and when due, and despite acceleration and demand by Plaintiff.

64.

As a result of these breaches of the TNP Note, TNP is liable to Plaintiff for all indebtedness due and owing under the TNP Note, which remains unpaid.

65.

Plaintiff was damaged as a result of TNP's breaches of the TNP Note.

66.

As of January 26, 2016, principal and accrued but unpaid interest due and owing under the TNP Note are as follows:

**Principal:**   $1,886,358.31

**Interest:**   $44,021.98

**Total:**   **$1,930,380.29**

67.

Plaintiff is entitled to recover from TNP all amounts due, owing, and accruing under the TNP Note and applicable law, including, without limitation, the amounts set forth above, plus additional default interest of $628.7861 per diem accruing from January 26, 2016, plus such further taxes, fees, expenses, charges, and costs as provided by the TNP Note and as have accrued, continue to accrue, and may in the future accrue.

68.

T. Powell and Lenox Taxi have breached the T. Powell TNP Guaranty and

the Lenox Taxi TNP Guaranty, respectively, by failing to make payments that TNP failed to make pursuant to the TNP Note.

69.

As a result of these breaches of the T. Powell TNP Guaranty and the Lenox Taxi TNP Guaranty, N. Powell, as the Administrator of the Estate of T. Powell, and Lenox Taxi, jointly and severally, are liable to Plaintiff for all indebtedness due and owing under the TNP Note, which remains unpaid.

70.

Plaintiff was damaged as a result of the breaches by T. Powell and Lenox Taxi of the T. Powell TNP Guaranty and the Lenox Taxi TNP Guaranty, respectively.

71.

Plaintiff is entitled to recover from N. Powell, as the Administrator of the Estate of T. Powell, and Lenox Taxi, jointly and severally, all amounts due, owing, and accruing under the TNP Note and applicable law, including, without limitation, the amounts set forth above, plus additional default interest of $628.7861 per diem accruing from the date of filing of this Complaint, plus such further taxes, fees, expenses, charges, and costs as provided by the TNP Note and as have accrued, continue to accrue, and may in the future accrue.

72.

The TNP Note obligates TNP, "[i]n the event it should become necessary for [Plaintiff] . . . to employ counsel to collect th[e] obligation or to protect or foreclose the security given in connection [t]herewith, . . . to pay reasonable attorney's fees actually incurred for services of such counsel, whether or not suit [wa]s brought, plus costs incurred in connection therewith."

73.

Plaintiff makes demand upon TNP for payment of all principal and interest outstanding, due, and owing under the TNP Note, as set forth above, and gives notice, as required by O.C.G.A. § 13-1-11(a)(3) (in addition to the notice previously given by Plaintiff in the TNP Demand Letters), that TNP has ten days from the receipt or service of this Complaint to pay such principal and interest without the attorneys' fees and costs of collection that may be recovered by Plaintiff under the terms of the TNP Note. If TNP does not make such payment of principal and interest within ten days of such receipt or service, the provisions in the TNP Note relative to payment of attorneys' fees, in addition to the principal and interest, shall be enforced.

74.

The T. Powell TNP Guaranty and the Lenox Taxi TNP Guaranty obligate N. Powell, as the Administrator of the Estate of T. Powell, and Lenox Taxi,

respectively, "[i]f any of the Guaranteed Obligations are collected by or through an attorney at law, . . . to pay to [Plaintiff] reasonable attorneys' fees and court costs."

75.

Plaintiff makes demand upon N. Powell, as the Administrator of the Estate of T. Powell, and Lenox Taxi for payment of all principal and interest outstanding, due, and owing under the TNP Note, as set forth above, and gives notice, as required by O.C.G.A. § 13-1-11(a)(3) (in addition to the notice previously given by Plaintiff in the TNP Demand Letters), that N. Powell, as the Administrator of the Estate of T. Powell, and Lenox Taxi have ten days from the receipt or service of this Complaint to pay such principal and interest without the attorneys' fees and costs of collection that may be recovered by Plaintiff under the terms of the T. Powell TNP Guaranty and the Lenox Taxi TNP Guaranty, respectively. If N. Powell, as the Administrator of the Estate of T. Powell, and Lenox Taxi do not make such payment of principal and interest within ten days of such receipt or service, the provisions in the T. Powell TNP Guaranty and the Lenox Taxi TNP Guaranty, respectively, relative to payment of attorneys' fees, in addition to the principal and interest, shall be enforced.

Count Three
(Conversion)

76.

Plaintiff realleges and incorporates by reference the allegations set forth in

Paragraphs 1 through 47 of this Complaint, as if fully set forth herein.

77.

Defendants, or some of them, have and are retaining funds and assets that rightfully belong to Plaintiff and to which Plaintiff is entitled—namely, upon information and belief, approximately $500,000 in lease payments by taxicab drivers or operators paying with credit cards (the "Lease Payments").

78.

Defendants, or some of them, have converted, for their own use and benefit, in hostility to the rights of Plaintiff, the Lease Payments to which Plaintiff is entitled from use of the Winner Collateral and the TNP Collateral and the related taxicab operations, and further have failed and refused to return or account for those funds and assets.

79.

This conduct of Defendants, or some of them, constitutes the tort of conversion and has caused Plaintiff damages in an amount to be determined at trial.

Count Four
(Money Had and Received)

80.

Plaintiff realleges and incorporates by reference the allegations set forth in Paragraphs 1 through 47 and 76 through 79 of this Complaint, as if fully set forth

herein.

### 81.

Defendants, or some of them, have obtained money that should, under principles of equity and justice, be returned to Plaintiff, including, without limitation, the Lease Payments.

### 82.

The circumstances and equities are such that these funds should be returned to Plaintiff *instanter*.

### 83.

The failure by Defendants, or some of them, to account for and remit these funds to Plaintiff gives rise to a claim for money had and received in favor of Plaintiff and an award, based on that claim, in an amount to be determined at trial.

### Count Five
### (Accounting)

### 84.

Plaintiff realleges and incorporates by reference the allegations set forth in Paragraphs 1 through 47 and 76 through 83 of this Complaint, as if fully set forth herein.

### 85.

As a secured lender with rights to the Winner Collateral, the TNP Collateral, and the Lease Payments, Plaintiff is entitled to a full, correct, accurate, updated,

and complete accounting of the gross and net proceeds and expenses from and related to the Winner Collateral, the TNP Collateral, all related taxicab operations, and the Lease Payments for the period from October 23, 2012, to date.

86.

The failure by Defendants, or some of them, to account for such proceeds and expenses gives rise to a claim for an accounting and an order of this Court requiring Defendants to account fully, completely, and accurately for such proceeds and expenses, to include all supporting records of credits, debits, payments, and receipts, during the entire time period when Plaintiff has had an interest in the Winner Collateral, the TNP Collateral, all related taxicab operations, and the Lease Payments.

WHEREFORE, Plaintiff respectfully requests that:

(a)     summons issue as provided by law;

(b)     this Court enter judgment for Plaintiff and against Winner, N. Powell, as the Administrator of the Estate of T. Powell, and Obtain, jointly and severally, on Count One for the principal and accrued but unpaid interest due and owing on the Winner Note, the T. Powell Winner Guaranty, and the Obtain Winner Guaranty in an amount to be determined at trial, but in no event less than Two Million Two Hundred Seventy-Seven Thousand Five Hundred Fifteen Dollars and Nine Cents ($2,277,515.09), plus additional default interest of $741.8593 per diem

accruing from January 26, 2016, plus such further taxes, fees, expenses, charges, and costs as provided by the Winner Note and as have accrued, continue to accrue, and may in the future accrue, plus Plaintiff's "reasonable attorneys' fees and court costs";

(c)     this Court enter judgment for Plaintiff and against TNP, N. Powell, as the Administrator of the Estate of T. Powell, and Lenox Taxi, jointly and severally, on Count Two for the principal and accrued but unpaid interest due and owing on the TNP Note, the T. Powell TNP Guaranty, and the Lenox Taxi TNP Guaranty in an amount to be determined at trial, but in no event less than Two Million, One Million Nine Hundred Thirty Thousand Three Hundred Eighty Dollars and Twenty-Nine Cents ($1,930,380.29), plus additional default interest of $628.7861 per diem accruing from January 26, 2016, plus such further taxes, fees, expenses, charges, and costs as provided by the TNP Note and as have accrued, continue to accrue, and may in the future accrue, plus Plaintiff's "reasonable attorneys' fees and court costs";

(d)     this Court return to Plaintiff all amounts that Defendants, or some of them, have converted or that, in equity and good conscience, should be returned to Plaintiff, as set forth and alleged herein;

(e)     this Court require Defendants to account fully, completely, and accurately for the gross and net proceeds and expenses from and related to the

Winner Collateral, the TNP Collateral, all related taxicab operations, and the Lease Payments for the period from October 23, 2012, to date, to include all supporting records of credits, debits, payments, and receipts, during the entire time period when Plaintiff has had an interest in the Winner Collateral, the TNP Collateral, all related taxicab operations, and the Lease Payments; and

(f)     Plaintiff receive such other and further relief as the Court deems just and proper.

This the 23rd day of February, 2016.

/s/     John A. Christy
JOHN A. CHRISTY
Georgia Bar No. 125518
ANDREW J. LAVOIE
Georgia Bar No. 108814

Schreeder, Wheeler & Flint, LLP
1100 Peachtree Street N.E., Suite 800
Atlanta, Georgia 30309-4516
Telephone:  (404) 681-3450
Facsimile:  (404) 681-1046
E-mail:     jchristy@swfllp.com
E-mail:     alavoie@swfllp.com

Attorney for Plaintiff BankUnited, N.A.
K:\8567\7\Pleadings\Verified Complaint.docx

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| BANKUNITED, N.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action File |
| | ) | |
| TNP ENTERPRISES, LLC, | ) | No. _____ |
| WINNER ENTERPRISES, LLC, | ) | |
| NORMA POWELL, in her capacity as the | ) | |
| Administrator of the Estate of Terrence A. | ) | |
| Powell, ATLANTA LENOX TAXI CO., | ) | |
| INC., and OBTAIN ENTERPRISES, LLC, | ) | |
| | ) | |
| Defendants | ) | |

## **VERIFICATION**

I, Patricia Elvin, Senior Vice President of Plaintiff BankUnited, N.A., hereby verify that the foregoing *Verified Complaint*, and all allegations therein, are true and correct, based on my personal knowledge, information, and belief thereof.

SO SWORN AND VERIFIED, this the 22 day of February, 2016.

_____

Patricia Elvin
Senior Vice President, BankUnited, N.A.

Sworn to and subscribed before me,
This 22nd day of February, 2016.

_____

Notary Public

Seal:

Juan Francisco Bustabad
COMMISSION # FF 144617
EXPIRES: JUL 23, 2018
BONDED THRU
1st FLORIDA NOTARY, LLC

My Commission Expires: