# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## NEWNAN DIVISION

| | |
|---|---|
| BANKUNITED, N.A.,<br><br>        Plaintiff,<br><br>    v.<br><br>TNP ENTERPRISES, LLC; WINNER ENTERPRISES, LLC; NORMA POWELL; ATLANTA LENOX TAXI CO., INC.; and OBTAIN ENTERPRISES, LLC,<br><br>        Defendants. | CIVIL ACTION NO.<br>3:16-CV-00031-TCB |

## RECEIVER'S FINAL REPORT AND REQUEST FOR DISCHARGE

Pursuant to Rule 66 of the Federal Rules of Civil Procedure, James S. Howard, the Receiver (the "Receiver") for the collateral ("Collateral") set forth and defined in this Court's Order Appointing Receiver ("Appointment Order") [D.E. # 20], hereby respectfully submits this Final Report and Request for Discharge, showing the Court as follows:

1.      On February 23, 2016, Plaintiff BankUnited, N.A. ("Plaintiff") filed this action [D.E. # 1], seeking to recover from TNP Enterprises, LLC ("TNP"), Winner Enterprises, LLC ("Winner"), the Estate of Terrence A. Powell (sued

through its administrator, Norma Powell), Atlanta Lenox Taxi Co., Inc., and Obtain Enterprises, LLC (collectively, "Defendants") unpaid debts under two defaulted promissory notes and related guaranties.

2.      On July 19, 2016, the Court entered the Appointment Order and thereby appointed the Receiver.

3.      Pursuant to the Appointment Order, the Receiver had the authority to, *inter alia*: (i) "take immediate possession of, hold, and secure any and all of the Collateral"; (ii) "take any action deemed reasonably necessary, in his sole but reasonable discretion . . . to carry out the provisions" of the Appointment Order; and (iii) "market the Collateral for sale and cooperate with Plaintiff in any efforts to market the Collateral for sale," as well as to pay all actual and reasonable expenses of the Receivership Estate.

4.      Since his appointment, the Receiver investigated the assets and potential recoveries for the benefit of the Receivership Estate created by the Appointment Order, recovering assets for the benefit of the Receivership Estate, and evaluated claims that could be asserted by the Receivership Estate.

5.      Based on the information received from the Receiver's investigation into the business entities involved with the use of the Collateral and the assets

available for recovery, the Receiver identified certain assets available for recovery for the benefit of the Receivership Estate. These certain assets include the Certificates of Public Necessity and Convenience ("CPNCs") issued by the City of Atlanta to Winner and TNP. These CPNCs, commonly referred to as "Taxi Medallions", allow the holder to operate a taxi throughout the City of Atlanta, including fully authorized pick-up and delivery at Atlanta Hartsfield-Jackson International Airport.

6.      Consistent with the Appointment Order, the Receiver took possession of all CPNCs and entered into a month-to-month agreement leasing the CPNCs to Crown Cab Company, Inc. and City Wide Cab, LLC ("City Wide"). As noted in the Receiver's interim reports filed with the Court, during the course of the Receivership, the general business conditions related to the operation of taxicabs in Atlanta has deteriorated due to the impact of Uber and other internet-based transportation providers.  The Receiver continued to see a deterioration of cash flow related to the CPNCs due in large part to the impact of Uber and Lyft now being permitted to pick up and drop off at Atlanta's Hartsfield-Jackson Airport.

7.      Based on these changes in the marketplace due to the influence of competition from internet based transportation alternatives such as Uber or Lyft,

the Plaintiff requested the cooperation of the Receiver for the immediate sale of the CPNCs, consistent with the Receiver's authority under the Appointment Order.

8.      Consistent with his authority under the Appointment Order to "market the Collateral for sale and cooperate with Plaintiff in any efforts to market the Collateral for sale," the Receiver marketed the CPNCs for sale with the intention of garnering some interest in a purchase.  Pursuant to the motion of the Receiver, on June 25, 2018, this Court granted the Receiver the right to sell the CPNCs.  *See* Order, (DE 45).  The Receiver has now completed the sale of the CPNCs and, as a result, there is no longer any actions to be taken by the Receiver other than to make a final payout of the assets recovered by the Receiver.

9.      Attached hereto as Exhibit "A" is a final accounting of the Receiver's disposition of the Collateral.  To ensure that the Receiver has discharged his duties, the Receiver has reviewed in detail the amounts he paid out of the receivership estate, the amounts paid for receivership costs, and for fees and expenses.  The Receiver believes that all of his and his professionals' fees and expenses incurred during his investigation and administration of the receivership estate were reasonable and necessary.

10.    The receipt of funds from the use of the Collateral as well as the sale of the CPNCs, net of the Receiver's expenses, was insufficient to pay the Plaintiff in full, and therefore no distributions will be made to the Defendants or any other unsecured entities.

11.    Prior to filing this Final Report and Request for Discharge, the Receiver provided a copy of the same to the Plaintiff, who indicated that it has no objection to the relief sought herein.

12.    The Receiver, having completed all of his duties under the order appointing him, respectfully requests that he be discharged of his duties. A proposed order granting this relief is attached hereto as Exhibit "B."

Respectfully submitted, this 21st day of January, 2020.

**WARGO & FRENCH LLP**

*/s/ David M. Pernini*
DAVID M. PERNINI
Georgia Bar No. 572399
dpernini@wargofrench.com
999 Peachtree Street, N.E.
26th Floor
Atlanta, Georgia  30309
(404) 853-1500 (Telephone)
(404) 853-1501 (Facsimile)
*Attorneys for Receiver*
*James S. Howard*

## **RULE 7.1(D) CERTIFICATE**

The undersigned counsel certifies that this document has been prepared with

one of the font and point selections approved by the Court in Local Rule 5.1(C).

Respectfully submitted this 21st day of January, 2020.

*/s/ David M. Pernini*
David M. Pernini

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### NEWNAN DIVISION

| | |
|---|---|
| BANKUNITED, N.A., <br><br> Plaintiff, <br><br> v. <br><br> TNP ENTERPRISES, LLC; WINNER ENTERPRISES, LLC; NORMA POWELL; ATLANTA LENOX TAXI CO., INC.; and OBTAIN ENTERPRISES, LLC, <br><br> Defendants. | CIVIL ACTION NO. <br> 3:16-CV-00031-TCB |

## CERTIFICATE OF SERVICE

I hereby certify that on January 21, 2020, I electronically filed the foregoing **RECEIVER'S FINAL REPORT AND REQUEST FOR DISCHARGE** with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

Andrew J. Lavoie, Esq.
John A. Christy, Esq.
Schreeder Wheeler & Flint, LLP
1100 Peachtree Street, NE, Suite 800
Atlanta, GA 30309

Kevin A. Ross, Esq.
Paces 285, Bldg 700
2255 Cumberland Pkwy
Suite B
Atlanta, GA 30339

7

Reginald Snyder, Esq.
260 Peachtree Street, N.E.
Suite 502
Atlanta, GA 30303

                                            */s/ David M. Pernini*
                                            David M. Pernini

# EXHIBIT "A"

Exhibit A - Summary

## TNP Enterprises, LLC, Case No.:  3:16-CV-0031-TCB

**Summary of Cash Receipts and Disbursements for the Period from July 19, 2016 through May 31, 2019**

Source:  Bank records for Bank United account *2487

| Description | Amount |
|---|---|
| **Receipts** | |
| Lease income: | |
| City Wide Cab, LLC | $ 29,890.00 |
| Citywide Taxi Cab | 26,490.00 |
| Crown Cab Co., Inc. | 47,495.00 |
| Turnover of funds - Pre-Receiver TNP bank accounts | 89,256.38 |
| Sale taxi medallions | 351,000.00 |
| **Total Receipts** | **544,131.38** |
| | |
| **Disbursements** | |
| Bank charge | 55.00 |
| Professional fees: | |
| GlassRatner Advisory & Capital Group, LLC | 91,772.30 |
| Wargo & French, LLP | 38,468.41 |
| CNPC renewal fees: | |
| TNP Enterprises, LLC | 10,620.00 |
| Winner Enterprises, LLC | 10,900.00 |
| Fines | 2,850.00 |
| Fingerprint | 20.00 |
| **Total Disbursements** | **154,685.71** |
| | |
| **Net Cash Inflow (Outflow)** | **$ 389,445.67** |
| | |
| Beginning cash balance | $ - |
| Net cash inflow (outflow) | 389,445.67 |
| Less: | |
| Interim disbursement to/Deposit from Bank United | 284,859.78 |
| Final disbursement to Bank United | 104,585.89 |
| **Ending cash balance** | **$ -** |

GlassRatner Advisory & Capital Group, LLC

# EXHIBIT "B"

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION**

| | |
|---|---|
| BANKUNITED, N.A., <br><br> Plaintiff, <br><br> v. <br><br> TNP ENTERPRISES, LLC; WINNER ENTERPRISES, LLC; NORMA POWELL; ATLANTA LENOX TAXI CO., INC.; and OBTAIN ENTERPRISES, LLC, <br><br> Defendants. | CIVIL ACTION NO. 3:16-CV-00031-TCB |

## <u>ORDER</u>

This matter is before the Court Receiver's *Motion for Approval of the Sale of Certain Assets of the Receivership Estate Without Further Order of the Court* (the "Motion") [D.E. #] and memorandum of law in support. Upon the Court's consideration of the Motion, the *Order Appointing Receiver* (the "Appointment Order") [D.E. # 20], the powers as set forth in the Appointment Order, and applicable law, the Court hereby **ORDERS** as follows:

1.     The Motion is **GRANTED**.

2.     The Receiver is hereby authorized to sell the certain Certificates of Public Necessity and Convenience ("CPNCs") issued by the City of Atlanta to Winner and TNP identified the Motion.

3.      The Court finds that the sale of the CPNCs described in the Motion is in the best interest of the Receivership estate for the reasons detailed in the Motion. The Court also finds that, to the extent 28 U.S.C. §§ 2001 and 2004 apply to the sale reflected in the Motion, the Motion includes sufficient grounds for waiving the requirements of 28 U.S.C. § 2001(b) for three independent appraisals and publication of the terms of the sale under the discretion afforded this Court by 28 U.S.C. § 2004.

**IT IS SO ORDERED** this _____ day of _____, 2020.

_____
JUDGE TIMOTHY C. BATTEN, SR.
United States District Judge